956 F.2d 1164
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES, Plaintiff-Appellee,
v.
Jay Aaron SHEPHARD, Defendant-Appellant.
 No. 91-3176.
 United States Court of Appeals, Sixth Circuit.
 March 10, 1992.
 
 Before KEITH, BOYCE F. MARTIN, Jr. and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-appellant, Jay Aaron Shephard (appellant) appealed from a decision of the district court denying his motion for leave to withdraw his guilty plea and a judgment sentencing him to a term of incarceration, supervised release, forfeiture and fine. Specifically, appellant argued that he involuntarily entered into his guilty plea because the district court failed to inform him of the period of supervised release that attached to his sentence after the completion of his period of detention. Secondly, he charged that he was denied effective assistance of counsel during the plea process which rendered his plea involuntary. Finally, appellant argued that the district court abused its discretion when it refused to permit him to withdraw his guilty plea.
 
 
 2
 Appellant and six others were named in a fifteen count indictment returned in the Southern District of Ohio, charging narcotics and related financial transactions. Appellant accepted a plea agreement pursuant to which he entered a guilty plea to count 15 of the Indictment in violation of 21 U.S.C. § 848, continuing criminal enterprise which is a Class A felony[1]. In exchange, the government dismissed the other counts against appellant. The plea agreement identified the statutory maximum and minimum term of imprisonment that could be imposed for violating 21 U.S.C. § 848, and included a fine not to exceed two million dollars, forfeiture of assets and a $50.00 assessment fee. The plea agreement did not allude to nor did the judge explain that a period of supervised release was mandated pursuant to the Sentencing Guidelines, U.S.S.G. § 5D1.2(b)(1) or 18 U.S.C. § 3583(b)(2).[2] Prior to the acceptance of the plea agreement, appellant conferred with his attorney and co-defendants' counsel to discuss the plea.
 
 
 3
 At the Rule 11 hearing, the district court accepted Shephard's guilty plea following a thorough explanation of his constitutional rights. The appellant testified at the hearing that he had reviewed the plea agreement and Sentencing Guidelines with his attorney, Martin Pinales (Pinales), and understood the substance and implications of the plea agreement. Appellant also conceded that his counsel informed him that he had a right to a trial and that he was satisfied with his counsel's advice. Finally, Shephard stated that he voluntarily pleaded guilty because he was guilty of the crime charged and that no one forced, threatened or pressured him to plead guilty. The court advised appellant that he could be sentenced from ten years to life imprisonment with an estimated sentence of 168-210 months. The court further explained to the appellant that the continuing criminal enterprise statute, 21 U.S.C. § 848, did not impose a term of supervised release. The presentence report, however, specifically incorporated the term of supervised release as mandated by Sentencing Guidelines, U.S.S.G. § 5D1.2(b)(1), and 18 U.S.C. § 3583(b)(2). The appellant testified that he reviewed the presentence report with his attorney. He did not object to this term of supervised release at either the presentencing or sentencing hearings.
 
 
 4
 On August 1, 1990, appellant replaced Pinales with attorney Steven Cox (Cox). On September 11, 1990, Cox filed a formal motion to withdraw appellant's guilty plea.[3] The district court, on January 24, 1991, denied this motion, concluding that appellant had failed to satisfy his burden of proving a sufficient cause to justify withdrawing his plea. The court anchored its decision in the pronouncement of United States v. Spencer, 836 F.2d 236, 238 (6th Cir.1987). Thereafter, on January 31, 1991, the court sentenced appellant to imprisonment for sixteen years and eight months, imposed a $200,000.00 fine, a special fine of $50.00, forfeitures of property, and a five year period of supervised release. The appellant timely filed his notice of appeal on February 12, 1991.
 
 
 5
 In his first assignment of error, appellant argued that he did not voluntarily enter into his plea of guilty because the court failed to inform him at the Rule 11 hearing of the term of supervised release. This assignment of error is without merit. Precedent in this circuit directs that a variance from Rule 11 procedures is harmless error when substantial rights have not been affected. United States v. Stead, 746 F.2d 355 (6th Cir.1984), cert. denied, 470 U.S. 1030, 105 S.Ct. 1403 (1985). Appellant has failed to prove that his substantial rights were affected when the court did not advise him of the term of supervised release. He testified that he had reviewed and understood the plea agreement, the Sentencing Guidelines, and the presentencing report. Further, he was given the opportunity to object to the term of supervised release as explained in the Sentencing Guidelines and the presentencing report and did not do so. See United States v. Carey, 884 F.2d 547 (11th Cir.1989), cert. denied, 110 S.Ct. 1786 (1990) (harmless error when court failed to inform defendant of supervised release when such term was in presentencing report which was reviewed by defendant). Finally, appellant's total sentence, including the term of supervised release, was but a fraction of the maximum penalty that could have been imposed. See United States v. Barry, 895 F.2d 702 (10th Cir.), cert. denied, 110 S.Ct. 3222 (1990) (harmless error when court failed to advise defendant of term of supervised release when defendant with knowledge and understanding of Guidelines and total sentence fraction of maximum penalty). Accordingly, the court's failure to notify the appellant of the term of supervised release was harmless error which did not render the appellant's plea involuntary.
 
 
 6
 Appellant's second assignment of error is equally without merit. He charged that his former attorney, Pinales, did not provide him effective assistance during the plea procedure, and as a result thereof, his plea was not voluntary. To support a charge of ineffective assistance of counsel resulting in an involuntary plea of guilty, a defendant must prove that his counsel's performance was deficient in some respect, and as a result thereof, a reasonable probability existed that, but for counsel's errors, he would not have pleaded guilty and would have insisted upon a trial. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 370 (1985); Thomas v. Folz, 818 F.2d 476, 480 (6th Cir.), cert. denied, 484 U.S. 870, 108 S.Ct. 198 (1987). Before the district court, the appellant unsuccessfully asserted three allegations in support of his argument that his counsel's services were ineffective. Although the record disclosed that Pinales permitted appellant to confer with co-defendant's counsel to discuss the plea agreement,[4] appellant failed to prove that as a result of this conference he was influenced or "strong-armed" into pleading guilty pursuant to the terms of the plea agreement. At the Rule 11 hearing, appellant testified that no one forced, threatened, or pressured him to plead guilty and that he voluntarily entered the plea agreement because he was guilty of the charge to which he entered his plea. He later testified that although he did meet with co-defendant's counsel to discuss the plea agreement, no one advised him to plead guilty or that he did not have a right to a fair trial. Appellant's second charge that counsel did not provide him with adequate assurance that he would receive a fair trial also was unsupported in the record. Appellant testified that Pinales told him he did not have to plead guilty and that he had the right to a trial. He further testified that Pinales discussed with him various defenses which would be available to him should he decide to assert his right to a trial. He also confirmed that he was satisfied with the advice provided to him by Pinales. Finally, Pinales' failure to advise appellant of the term of supervised release that would attach to his period of incarceration prior to the Rule 11 hearing did not constitute ineffective legal performance since appellant failed to prove that he had been prejudiced by his counsel's omission, i.e., but for the omission he would not have pleaded guilty. Long v. United States, 915 F.2d 1572 (6th Cir.1990).
 
 
 7
 Appellant's third assignment of error is also without merit because the court did not abuse its discretion when it overruled his motion to withdraw his guilty plea. The permission to withdraw a guilty plea prior to sentencing is not an absolute right but is a matter within the broad discretion of the district court. United States v. Goldberg, 862 F.2d 101, 103 (6th Cir.1988). In considering a motion to withdraw a plea of guilty, a court must determine whether a defendant has presented a fair and just reason to support his request. Because the trial court considered the appellant's motion against the criteria enumerated by this court in Spencer, we find no error in the lower court's disposition of this assignment of error.
 
 
 8
 After review of the pleadings, the record in its entirety, the briefs and arguments of counsel, the trial court's disposition is hereby AFFIRMED.
 
 
 
 [1]
 There is no term of supervised release imposed by this statute
 2 U.S.S.G. § 5D1.2(b)(1) requires that a term of supervised release be imposed when a defendant has been sentenced to a term greater than one year.
 U.S.C. § 3583(b)(2) provides that the court may impose a term of supervised release of not more than five years for a class A felony.
 
 
 [3]
 Seven months after he pleaded guilty, appellant filed, pro se, a motion to withdraw his guilty plea and letters to the court which were subsequently removed from the record by his counsel, Steven Cox
 
 
 [4]
 The record disclosed that there was a joint defense agreement whereby the defendants and attorneys agreed that co-defendants' counsel could access any of the defendants to discuss various aspects of the case. At one meeting, the appellant met with John Rion, an attorney for one of the co-defendants, and Denny Gump, an attorney who had represented appellant in the past and in ancillary matters in the instant action and was present at the request of Pinales to discuss the plea agreement with the appellant and advise him thereon