**UNITED STATES of America**

v.

**Kim Maurice COOKE, Defendant.**

**No. CRIM. 94–0158(RCL).**
**No. CIV. 96–851(RCL).**

United States District Court,
District of Columbia.

Oct. 30, 1997.

John Facciola, Heather Cartwright, Asst. U.S. Attys., U.S. Attorney's Office, Washington, DC, for Plaintiff.

Santha Sonenberg, L. Barrett Boss, Asst. Federal Public Defenders, Federal Public Defender's Office, Washington, DC, for Defendant.

*MEMORANDUM OPINION*
*AND ORDER*

LAMBERTH, District Judge.

This matter comes before the Court on Petitioner Kim Maurice Cooke's motion pur-

suant to 28 U.S.C. § 2255 to vacate, set aside, and correct sentence imposed on a count charging him under 18 U.S.C. § 924(c)(1). On November 18, 1994, Mr. Cooke pled guilty to using or carrying a firearm during or in relation to a crime of violence or drug trafficking offense in violation of § 924(c)(1). Mr. Cooke now argues that his conviction and sentence violate the Supreme Court's decision construing § 924(c)(1) as promulgated in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). In addition, Mr. Cooke collaterally attacks his sentence on ineffective assistance of counsel grounds and a trial court error during the plea colloquy. For the reasons set forth herein, defendant's motion is denied.

*BACKGROUND*

On February 21, 1994, police stopped Mr. Cooke and a co-defendant while driving in a black Chevrolet truck. Police had been searching for a black truck with a smashed rear window because witnesses had placed it outside a nightclub where shots had been fired. Mr. Cooke's vehicle matched the description witnesses gave police; therefore, the police initiated a stop. Police searched Mr. Cooke's vehicle and found 573.3 grams of marijuana behind the driver's seat. Police then arrested Mr. Cooke and conducted a more thorough search of the vehicle. During this search police found a gun in the console between the driver's and the passenger's seats.

A grand jury indicted Mr. Cooke charging: 1) possession with intent to distribute marijuana, 21 U.S.C. § 841; 2) using and carrying a firearm during and in relation to a drug trafficking offense, 18 U.S.C. § 924(c); 3) possession of a firearm with an obliterated, removed, changed and altered serial number and aiding and abetting, 18 U.S.C. § 922(k); 4) carrying a pistol without a license in violation of the District of Columbia code; and 5) possession of an unregistered firearm, also in violation of the D.C. code. Mr. Cooke pled not guilty to these counts.

On November 18, 1994, after conducting a suppression hearing, this Court denied Mr. Cooke's motion to suppress the drugs and gun seized from his vehicle. At this time, Mr. Cooke decided to accept the government's plea to count two of the indictment, and he informed the Court of his decision. Mr. Cooke's plea was accepted after the Court heard the evidence to be adduced at trial. The Court then explained to Mr. Cooke that he faced a mandatory sentence of five years under the statute. The Court did not mention any supervised release term at that time. On January 27, 1995, the Court sentenced Mr. Cooke to sixty months imprisonment and three years supervised release. Mr. Cooke now attacks his conviction on three grounds: 1) that in light of *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), his conviction under 18 U.S.C. § 924(c)(1) is invalid; 2) he received ineffective assistance of counsel during his motions hearing; and 3) he should be permitted to withdraw his guilty plea because he was not informed of the period of supervised release at the time of his plea.

*ANALYSIS*

1. The *Bailey* claim

Mr. Cooke pled guilty to 18 U.S.C. § 924(c)(1) which states in relevant part: "Whoever, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, shall . . . be sentenced to imprisonment for five years." Mr. Cooke argues that there is no longer a sufficient legal basis for his plea. He contends that the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), demands that his conviction be vacated. In *Bailey*, the Supreme Court held that a conviction under the "use" prong of § 924(c)(1) requires more than mere possession of a weapon by an individual committing a drug offense. *Id.* at 142, 116 S.Ct. at 506. The Supreme Court's decision concentrated on the "use" prong of § 924(c)(1), stating that the active-employment understanding of "use" includes "brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." *Id.* at 147, 116 S.Ct. at 508. The Supreme Court expressly reserved ruling on what constitutes "carrying" a firearm under § 924(c)(1) and remanded the case to the circuit court to make that determination. *Id.* at 149, 116 S.Ct. at 509.

The Court of Appeals for the District of Columbia Circuit determined the meaning of "carry" under § 924(c)(1) in cases which preceded *Bailey*. These decisions remain useful since the Supreme Court did not determine the meaning of "carry" under the statute. The rulings recognize that "carrying" a weapon means more than physically having the weapon on one's body. In *United States v. Evans*, 888 F.2d 891 (D.C.Cir.1989), three guns, $2,000, and 345 grams of crack cocaine were found in a room where the defendants had slept. The court determined that the weapons did not need to be physically carried by the defendants to satisfy § 924(c)(1) but could be simple within reach and available to protect the defendants. *Id.* at 895. *Accord United States v. Anderson*, 881 F.2d 1128, 1140–41 (D.C.Cir.1989) (determining that gun is carried under meaning of statute if within person's reach).

Similarly, in *United States v. Morris*, 977 F.2d 617 (D.C.Cir.1992), police searched defendant's apartment and found two guns under the couch where defendant was sitting, one gun in a nightstand, and drugs in an air duct in the bedroom. The court relied on the "use" prong of § 924(c)(1) to uphold the conviction but determined that the evidence also supported a "carrying" charge for the guns found under the couch since they were within reach of the defendant. *Id.* at 620–621, n. 1.

■ Finally, in *United States v. Joseph*, 892 F.2d 118 (D.C.Cir.1989), the defendant was convicted under § 924(c)(1) when he had constructive possession over a firearm being carried in a duffel bag held by his companion. The court found that the defendant was never more than an arm's length from the firearm so that he had "a present ability to exercise dominion and control over" the weapon. *Id.* at 126 (quoting *Evans*, 888 F.2d at 895). The case law in this circuit, then, clearly recognizes that under the statute an individual "carries" a firearm when it is within an accessible distance from that individual.

Although this circuit has not addressed the definition of "carry" since the Supreme Court's decision in *Bailey*, other circuits nave addressed the issue and continue to define "carry" broadly. Most circuits agree that a weapon must be accessible to the defendant in order to meet the definition of "carry." In *United States v. Giraldo*, 80 F.3d 667 (2nd Cir.1996), a firearm located in a secret compartment in the console of a vehicle was "carried" as to the driver of the vehicle. *Id.* at 677. In *United States v. Fike*, 82 F.3d 1315 (5th Cir.1996), the Fifth Circuit determined that a firearm located within reach under the driver's seat was carried. *Id.* at 1328. In *United States v. Riascos–Suarez*, 73 F.3d 616 (6th Cir.1996) the court held that a firearm which is immediately available for use, meaning on the person or within reach is carried under the statute. The court considered a handgun protruding from the driver's side console a "carry" under that standard. *Id.* at 623. Additionally, the First, Fourth, Seventh, and Tenth Circuits do not even require that the firearm be accessible in order to be "carried" in a vehicle. *See United States v. Cleveland*, 106 F.3d 1056, 1066 (1st Cir.1997) (holding that guns located in trunk of car were "carried" under statute); *United States v. Mitchell*, 104 F.3d 649, 652–654 (4th Cir.1997) (finding that firearm need not be accessible to be "carried"); *United States v. Molina*, 102 F.3d 928 (7th Cir.1996) (holding that gun found in unreachable secret compartment in vehicle was "carried"); *United States v. Miller*, 84 F.3d 1244, 1256–61 (10th Cir.1996) (determining that gun located in rear of van unaccessible to driver still "carried" under § 924(c)(1)). According to this circuit's case law which preceded *Bailey* and the case law from other circuits subsequent to *Bailey*, little more than mere possession satisfies the "carry" prong of § 924(c)(1).

■ In light of the relevant case law, petitioner's reliance on *Bailey* offers no support for his claim. This Court need not find that Mr. Cooke "used" the weapon to be in accordance with the *Bailey* decision. Since § 924(c)(1) is written in the disjunctive, Mr. Cooke's conviction can be upheld if he either "used" or "carried" the weapon. While Mr. Cooke's actions do not rise to the level of "use" of a firearm, he clearly "carried" it in his vehicle within the meaning of the statute and the prevailing case law. The vehicle was owned by Mr. Cooke, and he had constructive possession over everything within it. Police found the drugs behind the driver's

seat and found the firearm in the console between the driver's (Mr. Cooke's) seat and the passenger's seat. Mr. Cooke had easy access to the console; therefore, he had a "present ability to exercise dominion and control over" the weapon. *United States v. Evans*, 888 F.2d 891, 895 (D.C.Cir.1989). Mr. Cooke "carried" the firearm within the meaning of the statute; consequently, his conviction and sentence survive the collateral attack under *Bailey*.

### 2. The Ineffective Assistance of Counsel Claim

Mr. Cooke next contends that his counsel provided him with ineffective assistance during his suppression hearing. He claims that his counsel, Mr. Conway, failed to call four witnesses to corroborate his defense. Mr. Cooke claims these witnesses would have told the Court that the rear window in his vehicle was not smashed, meaning the police did not have reasonable suspicion to stop and search his vehicle. Mr. Cooke argues that if counsel had called these witnesses the firearm and drugs found in his vehicle would have been suppressed, he also contends that his counsel failed to do a complete investigation. After his sentencing, Mr. Cooke found a PD 199 form which does not indicate any damage to the rear window of his vehicle. Mr. Cooke believes that if the PD 199 form had been introduced at the hearing, this Court would have suppressed the evidence.

Under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Mr. Cooke must satisfy a two-part test to establish ineffective assistance of counsel. Mr. Cooke must first establish that his counsel's performance fell below "an objective standard of reasonableness." *Id.* at 687–88, 104 S.Ct. at 2064–65. Then Mr. Cooke must show that his counsel's deficient performance prejudiced his defense to the extent that the result of the proceeding would have been different had his counsel performed effectively. *Id.* at 687, 104 S.Ct. at 2064.

■ The *Strickland* standard is a difficult standard for a defendant to meet and is not satisfied in this instance. First, Mr. Conway's failure to call the four witnesses listed by Mr. Cooke was not deficient. Mr. Con-

way was unaware of three of these witnesses since it is uncontradicted that Mr. Cooke did not mention them prior to his hearing. Mr. Cooke cannot expect his counsel to read his mind concerning the existence of witnesses. Even if Mr. Conway had known about the witnesses, his failure to introduce their testimony did not prejudice the defendant. Mr. Cooke neither explains the date these witnesses saw his truck nor explains the credibility of the witnesses. Further, the court heard testimony from three police officers, one whom had given the defendant a ticket just a few days before the incident, and all testified that Mr. Cooke's truck had a damaged window. In light of that testimony, it is incredible to assume that Mr. Conway's actions prejudiced Mr. Cooke's defense.

The fourth witness Mr. Cooke wanted to testify was his mother. Defense counsel interviewed her, and it is uncontradicted that she never mentioned anything about the condition of her son's vehicle during the interview; therefore, Mr. Conway's failure to introduce the testimony of Mr. Cooke's mother was not deficient. She had nothing to say to corroborate Mr. Cooke's testimony so Mr. Conway's decision not to call her did not prejudice the defense.

■ Mr. Cooke's second and final claim of ineffective assistance of counsel concerns Mr. Conway's failure to thoroughly investigate his client's assertion that the window in his vehicle was intact. Mr. Cooke discovered a PD 199 form, a "Property Clerk's Order for Removal of Vehicle to Blue Plains," which indicates no damage to the window in Mr. Cooke's vehicle. Mr. Conway admits that he did not think to search for this type of form; however, his conduct does not fall below an objective standard of reasonableness. The form is not typical in nature, it only exists when a seized vehicle is transferred from an impound lot to a storage lot. Further, even if his failure to find this form was deficient, Mr. Conway's act would not have changed the outcome of the proceeding. The form appears to be incomplete. The section headed "To Be Completed by the Property Division" is blank. The second page that should list any damage to the vehicle is also blank which Mr. Cooke contends verifies his testi-

mony that the window of his vehicle was not broken. The second page, however, also asks for the license plate number and whether or not a key came with the vehicle; these spaces are blank as well. Mr. Cooke's reliance on the form as determinative of the truck's condition is not appropriate. The Court made its credibility determination on the testimony of three officers who saw Mr. Cooke's vehicle and a partially filled out form will not and can not alter that determination.

3. The Rule 11 claim

Finally, Mr. Cooke contends that this Court committed error under Rule 11(c)(1) of the Federal Rules of Criminal Procedure. During the plea colloquy, the Court failed to inform Mr. Cooke that his sentence included a statutory term of supervised release. Mr. Cooke now wants to withdraw his plea due to the trial court's error. While the Court recognizes its mistake, it also recognizes that a technical violation of the rule is not a proper subject of collateral relief. Moreover, the court's mistake was not so fundamental as to warrant a withdrawal of the plea.

■ According to Rule 32(e), a plea may be set aside after sentencing only on direct appeal or by motion under 28 U.S.C. § 2255. FED. R. CRIM. P. 32(e). To collaterally attack a plea, the plea must be subject to a constitutional or jurisdictional infirmity. If no such infirmity exists then the Court must ask whether the plea was subject to a "fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962); *United States v. Farley*, 72 F.3d 158, 162 (D.C.Cir.1995).

Here, petitioner requests that his plea be set aside due to a violation of Rule 11(c)(1). Rule 11(c)(1) states that the court must inform the defendant of "the nature of the charge to which the plea is offered, the mandatory minimum provided by law if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term." FED. R. CRIM. P. 11(c)(1). The Supreme Court has held, however, that a violation of the formal re-

quirements of Rule 11 is not the proper subject of collateral relief. In *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), the petitioner brought a motion under § 2255 because the district judge failed to explain a statutory three year term of special parole at the petitioner's plea colloquy. The petitioner did not claim he was unaware of the special term or that he would not have pled guilty had he been properly informed of the term, rather he brought the claim simply because of the Court's procedural error. The Supreme Court held that a formal violation of Rule 11 was neither a constitutional or jurisdictional violation nor did petitioner's claim amount to a "complete miscarriage of justice." *Id.* at 783–84, 99 S.Ct. at 2087–88. The Court stated that "collateral relief is not available when all that is shown is a failure to comply with the formal requirements of the Rule." *Id.* at 785, 99 S.Ct. at 2088 (quoting *Hill,* 368 U.S. at 429, 82 S.Ct. at 472.) *Timmreck* supports the policy behind Rule 11(h) which states "any variance from the procedures required by this ruling which does not affect substantial rights shall be disregarded." FED. R. CRIM. P. 11(h).

■ In this instance, after consulting with the attorneys in the case, the Court informed Mr. Cooke that he was subject to a mandatory sentence of five years, failing to mention a mandatory two-three year term of supervised release. As in *Timmreck,* the petitioner's motion relies solely on an error in the formal requirements of Rule 11 and is not the proper subject of collateral relief. Mr. Cooke does not argue that he was unaware of the supervised release term nor does he submit that he would not have pled to § 924 had he known of the term. He bases his claim strictly on a procedural rule violation which he cannot do under § 2255.

Even if the Court's error is a proper subject of collateral relief, the error did not affect Mr. Cooke's substantial rights. The Presentence Investigation Report noted the mandatory term of supervised release; in addition, the Court informed Mr. Cooke of the mandatory term at his sentencing hearing. Mr. Cooke failed to object to that information either in the report or at sentencing.

Mr. Cooke's own conduct, or lack thereof, proves that his substantial rights were not affected by the Court's error. *See United States v. Carey,* 884 F.2d 547 (11th Cir.1989), *cert. denied,* 494 U.S. 1067, 110 S.Ct. 1786, 108 L.Ed.2d 787 (S.Ct.1990) (holding that where trial court did not inform defendant of supervised release term during plea colloquy but did advise defendant of term in presentence report and at sentencing, defendant's sentence stands). Since Mr. Cooke's substantial rights were not affected by the court's mistake, the Court determines that its failure to mention the term of supervised release at Mr. Cooke's plea colloquy was harmless error.

Accordingly, defendant's motion to vacate, set aside, or correct sentence is hereby DENIED.

SO ORDERED.