[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 18, 2005
THOMAS  K. KAHN
CLERK

_____

No. 05-10550
Non-Argument Calendar

_____

D. C. Docket No. 04-00164-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BORIS CORNELIUS STEELE,
a.k.a. Killer,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(November 18, 2005)

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Boris Cornelius Steele appeals his conviction for possession of a firearm by

a felon, in violation of 18 U.S.C. § 922(g)(1). On October 18, 2004, Steele pled guilty to one count of possession of a firearm. On January 18, 2005 the district court sentenced him to 235 months imprisonment, to be followed by a five-year term of supervised release. On appeal, Steele argues that the district court plainly erred in informing him, at his plea colloquy, that the maximum supervised release term he could receive was three years. The maximum term was actually five years, which is the term that the district court imposed on Steele. Steele contends that his plea was not knowing and voluntary under Fed. R. Crim. P. 11 because of the district court's error.

First we must determine whether, as the government contends, Steele waived his right to appeal by signing an appeal waiver in his plea agreement. We review de novo whether a defendant knowingly and voluntarily waived the right to appeal his sentence. United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993). Further, we have recognized that plea bargains "are like contracts and should be interpreted in accord with what the parties intended." United States v. Rubbo, 396 F.3d 1330, 1334 (11th Cir. 2005), pet. for cert. filed, No. 04-1663 (U.S. June 7, 2005); United States v. Howle, 166 F.3d 1166, 1168 (11th Cir. 1999).

In his plea agreement, Steele waived his right to appeal his sentence or raise

constitutional challenges to the Sentencing Guidelines. Steele's plea agreement states that he waives "the right to appeal any sentence" and the "right to challenge any sentence so imposed, or the manner in which it was determined, in any collateral attack . . . ." In this case, however, Steele is challenging the validity of the plea agreement itself. He is not appealing his sentence. In his plea agreement, Steele waived the right to appeal his sentence, but did not waive the right to attack the plea agreement itself. The language of the plea agreement does not suggest that the parties intended to enter into an agreement requiring Steele to waive any appeal concerning the voluntariness of Steele's guilty plea. See United States v. Copeland, 381 F.3d 1101, 1104-05 (11th Cir. 2004) (waiver applied only to an appeal of the imposed sentence, not any appeal connected with the case). Accordingly, we find that Steele's appeal waiver does not bar his current appeal.

Second, Steele argues that his guilty plea did not conform to Rule 11 requirements. Because Steele did not object to the Rule 11 colloquy in district court, we review for plain error. See United States v. Vonn, 535 U.S. 55, 59, 122 S.Ct. 1043, 1046, 152 L. Ed. 2d 90 (2002); United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir. 1999). Under plain error review, there must be (1) an error, (2) that is plain, and (3) affects substantial rights. United States v. Olano, 507 U.S. 725, 731-32, 113 S.Ct. 1770, 1776, 123 L. Ed. 2d 508 (1993). When these

three factors are met, we may exercise our discretion and correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 732, 113 S.Ct. at 1776. We review the entire record when considering the effect of any error on the defendant's substantial rights. Vonn, 535 U.S. at 59, 122 S.Ct. at 1046.

Before the district court accepts a guilty plea, the court must address the defendant in open court and ensure that the defendant understands "any maximum possible penalty, including imprisonment, fine, and term of supervised release." Fed. R. Crim. P. 11(b)(1)(H). Additionally, we have held that the district court "must ensure that the three core concerns of Rule 11. . . have been met: '(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea.'" United States v. Lejarde-Rada, 319 F.3d 1288, 1289 (11th Cir. 2003) (quoting United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir. 1999)).

In United States v. Carey, 884 F.2d 547 (11th Cir. 1989), we held that the district court erred in not informing the defendant that, if he was sentenced to imprisonment, a term of supervised release was also prescribed by the Sentencing Guidelines. Carey 884 F.2d at 548. However, we held that the defendant's

"substantial rights" were not violated by the court's oversight at the plea colloquy. Id. at 549. In Carey, the defendant stated that he had read the Presentence Investigation Report ("PSI"), which contained the correct information about the mandatory supervised release term. He did not object at the sentencing hearing to either the PSI or to the period of supervised release. See also United States v. Bejarano, 249 F.3d 1304, 1307 (11th Cir. 2001) (when the plea agreement and the district court both informed the defendant that his sentence included a term of supervised release, but failed to indicate the mandatory minimum term, the defendant's substantial rights were not affected because the defendant's PSI stated the specific minimum term of supervised release).

Here, Steele admitted at his plea colloquy that he had discussed the application of the United States Sentencing Guidelines with his attorney and he did not object to the court's misstatement of the maximum term of supervised release. Further, Steele stated that he had read the PSI, which correctly stated the maximum possible term of supervised release. Like the defendants in Carey and Bejarano, Steele did not object at sentencing to the PSI or to the district court's sentence. We conclude that Steele's own conduct indicates that his substantial rights were not harmed by the court's error. See Carey, 884 F.2d at 548-49; Bejarano, 249 F.3d at 1307. Following the rationale from Carey and Bejarano, we

find that the district court did not plainly err.

Moreover, the Supreme Court has held that when a defendant seeks a reversal on Rule 11 grounds, he must show a reasonable probability that, but for the error, he would not have entered the plea. United States v. Dominguez Benitez, 542 U.S. 74, 124 S. Ct. 2333, 2340, 159 L. Ed. 2d 157 (2004). A defendant must satisfy the court that the probability of a different result is "sufficient to undermine confidence in the outcome" of the proceeding. Id. Steele offers no evidence that he would not have pled guilty if he had known that the maximum supervised release term was five years instead of three. See also United States v. Monroe, 353 F.3d 1346, 1356-57 (11th Cir. 2003) (concluding that a Rule 11 error did not seriously affect the fairness, integrity, or public reputation of the defendant's judicial proceedings when the defendant failed to show prejudice). Therefore, the district court did not plainly err when it misstated Steele's maximum term of supervised release during his plea colloquy.

**AFFIRMED.**