[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 24, 2006
THOMAS K. KAHN
CLERK

_____

No. 04-15485
Non-Argument Calendar

_____

D. C. Docket No. 03-20980-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTEMIO RAMOS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 24, 2006)**

Before DUBINA, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Artemio Ramos, Jr. argues for the first time on appeal that his conviction

and 120-month sentence are improper based on the district court's failure to advise him at his plea colloquy of the mandatory statutory minimum, or of the following fundamental rights under Fed.R.Crim.P. 11(b)(1)(E) and 11(b)(1)(I): (1) to be represented by counsel at trial and every stage of the proceeding, (2) to confront and cross-examine adverse witnesses, (3) to testify and present evidence, and (4) to be protected from compelled self-incrimination.

On appeal, Ramos concedes that plain error review is appropriate because he did not raise these issues below.[1] Rule 11 provides that a "defendant may plead not guilty, guilty, or (with the court's consent) nolo contendere." Fed.R.Crim.P. 11(a)(1). Additionally, Rule 11 requires a district court, before it accepts a plea of guilty, to inform the defendant of, and determine that the defendant understands the following rights relevant to this appeal:

> (D) the right to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceeding
> . . .
>
> (E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses
> . . .

---

[1] We review for plain error when, as here, the defendant did not raise any Rule 11 issue before the district court. United States v. James, 210 F.3d 1342, 1343 (11th Cir. 2000). Under plain error review, any error must be plain, affect substantial rights and seriously implicate the fairness, integrity, or public reputation of judicial proceedings. United States v. Hansen, 262 F.3d 1217, 1248 (11th Cir. 2001).

(I) any mandatory minimum penalty.

Fed.R.Crim.P. 11(b)(1).

In the Rule 11 context, the Supreme Court has held "that a silent defendant has the burden to satisfy the plain-error rule" United States v. Vonn, 535 U.S. 55, 59, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002); see also United States v. Monroe, 353 F.3d 1346, 1352 (11th Cir. 2003) (holding that "in plain-error review, the defendant bears the burden of persuasion with respect to prejudice or the effect on substantial rights"). Additionally, the Supreme Court has recently held that "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez-Benitez, 542 U.S. 74, 82 , 124 S.Ct. 2333, 2340, 159 L.Ed.2d 157 (2004).

Furthermore, the Supreme Court has held "that a reviewing court may consult the whole record when considering the effect of any error on substantial rights" United States v. Vonn, 535 U.S. 55, 59, 75, 122 S.Ct. 1043, 1046, 1055,152 L.Ed.2d. 90 (2002); see also Monroe, 353 F.3d at 1350 and n.3 (holding that in the Rule 11 context the "reviewing court may consult the whole record when considering the effect of any error on substantial rights" and noting that Vonn expressly settled any inconsistency related to relying on the whole record

3

when considering whether a Rule 11 error occurred or prejudiced a defendant). In explaining which parts of the record may be included in a court's review of a Rule 11 violation, the Supreme Court in Vonn stated that:

> The Advisory Committee intended the effect of error to be assessed on an existing record, no question, but it did not mean to limit that record strictly to the plea proceedings: the enquiry "'must be resolved solely on the basis of the Rule 11 transcript' and the other portions (e.g., sentencing hearing) of the limited record made in such cases." Advisory Committee's Notes 1569 (quoting United States v. Coronado, 554 F.2d 166, 170, n. 5 (C.A.5 1977)).

Vonn, 535 U.S. at 74, 122 S.Ct. at 1054-55. The Supreme Court then held that, when determining if the requirements of Rule 11 were met, the court should consider that the defendant was advised of his right to trial counsel during his initial appearance and at his first arraignment. Id. Furthermore, in United States v. Carey, 884 F.2d 547, 548-49 (11th Cir. 1989), we, in holding that a defendant's substantial rights were not affected by the district court's failing to inform the defendant of the guidelines and a mandatory term of supervised release, explained that:

> At sentencing, the district court advised [defendant], as the presentence report had informed him previously, that the guidelines prescribed a term of imprisonment and a madatory term of supervised release. Neither appellant nor his attorney objected, and the court proceeded to impose the prescribed penalty. [Defendant's] own conduct therefore indicates that he was not harmed by the district court's oversight at the plea hearing.

Id. at 549.

"In evaluating whether a defendant has shown that his rights were substantially affected or prejudiced, [we have] examined the three 'core objectives' of Rule 11, which are: (1) ensuring that the guilty plea is free of coercion; (2) ensuring that the defendant understands the nature of the charges against him; and (3) ensuring that the defendant is aware of the direct consequences of the guilty plea." Monroe, 353 F.3d at 1354.

In Monroe, we discussed the plain-error case of United States v. Hernandez-Fraire, 208 F.3d 945, 951 (11th Cir. 2000) (failure to satisfy third core concern of Rule 11). Id. at 1355. In Hernandez-Fraire, the district court failed to inform the defendant of his right (1) to plead not guilty and to maintain or persist in that plea, (2) to the assistance of counsel at trial, (3) to confront and cross-examine adverse witnesses at trial, and (4) against compelled self-incrimination. Hernandez-Fraire, 208 F.3d at 951. In holding that the Rule 11 error in Hernandez-Fraire constituted an almost total failure to address " 'the third core concern of Rule 11' that the defendant know and understand the consequences of his guilty plea, " we explained that the defendant told the district court at that plea colloquy that he did not know his rights, the court failed to tell the defendant about his various rights, and the defendant's rights were waived by his entering a guilty plea. Id. at 950-51.

The district court's failure to advise Ramos of (1) his right against

compelled self-incrimination, to be represented by counsel at trial and every stage of the proceeding, to confront and cross-examine witnesses, and to testify and present evidence; and (2) the mandatory statutory minimum of 120 months' imprisonment, does not amount to plain error because the record as a whole shows that the district court adequately addressed these rights, and Ramos failed to demonstrate that the court's error resulted in a total or almost total failure to address the Rule 11 core concern of Ramos's appreciating the consequences of his guilty plea.

Upon review of the record and consideration of the parties' briefs, we discern no reversible error. For the above stated reasons, we affirm Ramos's conviction and sentence.

**AFFIRMED.**