[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14929
Non-Argument Calendar

_____

D. C. Docket No. 05-00011-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELVIN ELLIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(February 27, 2007)**

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant-appellant Kelvin Ellis pleaded guilty to possession of a firearm

by a convicted felon, in violation of 18 U.S.C. § 922(g); robbery, in violation of 18

U.S.C. § 1951; and using and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c).

At the change-of-plea hearing, the court informed Ellis that the maximum terms of imprisonment and supervised release for the § 924(c) charge were seven years imprisonment and, erroneously, three years supervised release.

The probation officer prepared a presentence investigation report ("PSI"), determining the advisory guidelines range to be 51 to 63 months on the § 922(g) and § 1951 counts, with a mandatory consecutive term of 84 months imprisonment on the § 924(c) count. The PSI also correctly noted that the maximum term of supervised release for the § 924(c) count was three to five years under 18 U.S.C. § 3583(b)(1) and U.S.S.G. § 5D1.2(a)(1). It does not appear that Ellis made any objections to the PSI. The court sentenced Ellis to 51 months imprisonment on the § 922(g) and § 1951 charges, to run concurrently, and a consecutive 84-month term of imprisonment on the § 924(c) charge, for a total of 135 months imprisonment. The court imposed three years of supervised release on the § 922(g) and § 1951 counts, with a concurrent five-year term of supervised release on the § 924(c) count. Ellis now appeals, asserting a violation of Fed. R. Crim. P. ("Rule") 11 because the court improperly advised him of the term of supervised release on the § 924(c) count.

When a defendant fails to assert a Rule 11 violation in the district court, we review for plain error. United States v. Quinones, 97 F.3d 473, 475 (11th Cir. 1996). To establish plain error, Ellis must show "that there was error, that the error was plain, and that it affected his substantial rights, i.e., the error affected the outcome of the district court proceedings." Once the appellant proves these three elements, this court may correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. In evaluating whether there was any effect on the defendant's substantial rights, we may consider the record as a whole. United States v. Monroe, 353 F.3d 1346, 1350 (11th Cir. 2003) (quoting United States v. Vonn, 535 U.S. 55, 59, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002)).

Under Rule 11, the district court must address three core principles before accepting a guilty plea: "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." United States v. Jones, 143 F.3d 1417, 1418 -1419 (11th Cir. 1998). Rule 11 also requires the court to inform the defendant of "any maximum possible penalty, including imprisonment, fine, and term of supervised release." Fed. R. Crim. P. 11(b)(1)(H).

As the government concedes, the court improperly advised Ellis of the term

3

of supervised release for the § 924(c) count. Thus, there was an error that was plain. United States v. Carey, 884 F.2d 547, 549 (11th Cir. 1989). Nevertheless, Ellis is not entitled to relief because the error did not affect his substantial rights.

At the plea colloquy, Ellis was informed of an incorrect term of supervised release. However, the PSI correctly indicated the term of supervised release, and Ellis did not object to the PSI's supervised release calculation. Moreover, after the court imposed sentence, including the five years of supervised release, Ellis did not object to the term. Thus, the error did not affect Ellis's substantial rights. United States v. Bejarano, 249 F.3d 1304, 1307 (11th Cir. 2001) (rejecting the defendant's argument that the district court committed plain error by failing to inform him of the term of supervised release because the defendant's "conduct indicates that his substantial rights were not affected by the district court's failure to inform him at his plea colloquy of the specific term of supervised release required by statute."); Carey, 884 F.2d at 549 (holding that although the district court erred by failing to inform the defendant at his plea hearing of the term of supervised release, the defendant failed to object to the court's imposition, pursuant to the PSI, of a term of supervised release, and, therefore, the defendant's substantial rights were not violated). Accordingly, we AFFIRM.