[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 20, 2007
THOMAS K. KAHN
CLERK

No. 06-15631
Non-Argument Calendar

_____

D. C. Docket No. 06-00040-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES L. PRESIDENT, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(June 20, 2007)**

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Charles L. President, Jr. appeals his sentence, which includes a three-year

term of supervised release. During President's plea colloquy, the district court incorrectly informed President that he faced a maximum of two years' supervised release when he actually faced a maximum of three years. The presentence investigation report correctly indicated a three-year maximum period. President told the court that he had read the PSR and had no objections. Nor did he have an objection when the court imposed the three-year term.

We review for plain error when, as here, the defendant failed to raise any error in his Federal Rule of Criminal Procedure 11 plea colloquy before the district court. United States v. James, 210 F.3d 1342, 1343 (11th Cir. 2000). Under plain error review, an appellate court may not correct an error that the defendant failed to raise in the district court unless there is: (1) error; (2) that is plain; and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings. United States v. Rodriguez, 398 F.3d 1291, 1297–98 (11th Cir. 2005).

In United States v. Dominguez Benitez, 542 U.S. 74, 124 S. Ct. 2333 (2004), the Supreme Court ruled that a defendant who seeks reversal of his conviction after a guilty plea on the ground that the district court committed plain error during the

2

Rule 11 colloquy must show a reasonable probability that, but for the error, he would not have entered the plea. Id. at 83, 124 S. Ct. at 2340. President concedes that he cannot meet the Dominguez Benitez standard. He also concedes that he did not object to his sentence or to the contents of the PSR. See United States v. Carey, 884 F.2d 547, 549 (11th Cir. 1989) (holding that the defendant's substantial rights were not violated where, although the district court erred by failing to inform the defendant at his plea hearing of the term of supervised release, the defendant failed to object to the court's imposition, pursuant to the PSR, of a term of supervised release).

President cites no legal authority indicating that we should instruct the district court to modify the term of supervised release. Instead, he argues that if a court is not bound by its representations with respect to sentencing limitations then the fairness, integrity, or public reputation of judicial proceedings will be undermined. To the extent, if any, that a district court's good faith effort to explain the consequences of a plea to a defendant constitutes a promise to abide by that description, President could have asked the district court to keep its promise. Our review is only for plain error. Under plain error review, which is authorized by Federal Rule of Criminal Procedure 52(b), federal appellate courts have only a limited power to correct errors that were forfeited because they were not timely

3

raised in the district court. <u>Rodriguez</u>, 398 F.3d 1291, 1298 (quotations omitted). Disregarding the Supreme Court's holding in <u>Dominguez Benitez</u> would not be a step towards improving the integrity of these proceedings.

**AFFIRMED.**