[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2012
JOHN LEY
CLERK

No. 11-14290
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-20110-MGC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCO HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 27, 2012)

Before HULL, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Marco Antonio Hernandez appeals his robbery and firearms convictions on

the ground that his guilty plea was involuntary. After a review of the record, we affirm.

Hernandez was indicted for conspiracy and attempt to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Counts 1 and 2); conspiracy and attempt to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Counts 3 and 4); possession of a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 5); and possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5)(A) (Count 6). He pleaded guilty to all counts without a written plea agreement.

Prior to the change-of-plea hearing, counsel moved to withdraw, citing "irreconcilable differences." The magistrate judge addressed the motion at the hearing, instructing counsel to meet with Hernandez before going forward with a plea hearing. The magistrate judge also informed Hernandez that the court was available should he wish to proceed with his guilty plea. Counsel withdrew the motion, and the court considered the change of plea.

Hernandez stated that he had a sixth-grade education, had reviewed the indictment with his lawyer, had fully discussed the charges against him, and was satisfied with the advice that his lawyer gave him. Hernandez twice confirmed that no one had forced him to plead guilty and that he understood the charges and the

2

conduct to which he pleaded guilty. In the government's factual proffer, the Assistant U.S. Attorney stated that, as to Count Five, "[t]he minimum penalty for that charge is five [years]." The magistrate judge found that Hernandez was fully competent and capable of entering an informed plea, and the court adjudicated him guilty.

The presentence investigation report (PSI) listed Count 5 as carrying a consecutive five-year term of imprisonment. At sentencing, the court stated that it was required to sentence Hernandez to 180 months' imprisonment, which consisted of 120 months for Counts 1, 2, 3, 4, and 6, and a consecutive 60-month term for Count 5. Hernandez raised no objections either before or after the court pronounced the sentence. He now appeals.

Because Hernandez did not challenge his guilty plea or sentence before the district court, we review his arguments for plain error. *United States v. Quinones*, 97 F.3d 473, 475 (11th Cir. 1996). A defendant demonstrates plain error by showing that (1) an error existed, (2) the error was plain, (3) the error affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings. *United States v. Davila*, 664 F.3d 1355, 1358 (11th Cir. 2011). Plain error is an error that is obvious and clear under current law. *United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999).

Hernandez alleges the following three errors by the district court: First, the magistrate judge plainly erred when it did not advise him of the mandatory five-year consecutive sentence for Count 5 during the change-of-plea hearing. Second, the magistrate judge plainly erred when it participated in plea discussions. Third, the magistrate judge plainly erred by not taking "heightened precautions" when ascertaining the knowing and voluntariness of his guilty plea.

Generally, the district court must inquire as to whether the defendant makes a knowing and voluntary plea. *United States v. Hernandez-Fraire*, 208 F.3d 945, 949 (11th Cir. 2000). Rule 11, which governs guilty pleas, addresses three core concerns: (1) the guilty plea must be free of coercion, (2) the defendant must understand the nature of the charges to which he is pleading guilty, and (3) the defendant must know and understand the consequences of his guilty plea. *United States v. Siegel*, 102 F.3d 477, 481 (11th Cir. 1996).

In this case, we conclude that Hernandez has not shown plain error. First, the magistrate judge's failure to advise Hernandez about the mandatory consecutive nature of a sentence, standing alone, does not constitute plain error because neither the Supreme Court, nor this court, has held that such a failure violates the core concerns of Rule 11. *Humphrey*, 164 F.3d at 588. Moreover, Hernandez cannot show any effect on his substantial rights because the PSI

4

correctly identified the offense as carrying a mandatory consecutive sentence, and Hernandez did not object to this statement in the PSI. *United States v. Carey*, 884 F.2d 547, 549 (11th Cir. 1987).

Second, although Rule 11 prescribes the district court's participation in plea discussions, *Davila*, 664 F.3d at 1358, the district court may advise the defendant to consult his attorney concerning his plea decision, *United States v. Johnson*, 89 F.3d 778, 783-84 (11th Cir. 1996). Here, the magistrate judge simply arranged for Hernandez to consult with his counsel concerning his plea decision and advised him that the court would be available if he decided to plead guilty. These actions do not rise to the level of impermissible participation in plea discussions.

Finally, the magistrate judge did not plainly err when it did not take unspecified "heightened precautions" when assessing the knowing and voluntariness of Hernandez's guilty plea. Although Hernandez does not explain what precautions the court should have taken, he alleges that his lack of sophistication and the timing of his counsel's motion to withdraw should have raised concerns about the voluntariness of the plea.

At the change-of-plea hearing, Hernandez stated that he understood the charges against him, had consulted with his attorney, and was satisfied with counsel. There is a strong presumption that statements made during the plea

5

colloquy are true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

Moreover, the charges against Hernandez were not so complex as to call into

question his statements during the hearing. *See United States v. Dayton*, 604 F.2d

931, 938 (5th Cir. 1979) (*en banc*)[1] (discussing the steps the court must take to

adequately inform a defendant under Rule 11 where the charges are simple).

Accordingly, Hernandez has not shown that Rule 11 required additional

precautions.

    **AFFIRMED.**

---

[1] Decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).