[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 03, 2001
THOMAS K. KAHN
CLERK

_____

No. 97-5580
Non-Argument Calendar

_____

D. C. Docket No. 97-08040-CR-WDF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EFREN GONZALEZ BEJARANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 3, 2001)**

ON PETITION FOR REHEARING

Before ANDERSON, Chief Judge, WILSON and COX, Circuit Judges.

PER CURIAM:

The United States's Petition for Rehearing is GRANTED. The opinion

issued in this case on January 8, 2001, is vacated and withdrawn, and this opinion

is substituted in lieu thereof. Another panel of this Court, United States v. Roberts,

No. 00-10983 (11th Cir. Dec. 13, 2000) (unpub.), addressed this precise issue

raised by Bejarano in this appeal and rejected Bejarano's argument. We conclude

that the instant case is indistinguishable from Roberts. We find Roberts persuasive

and follow its lead.

## I. Background

On June 25, 1997, Efren Gonzalez Bejarano entered a guilty plea to one

count of possession with intent to distribute cocaine base, in violation of 21 U.S.C.

§ 841(a)(1), pursuant to a plea agreement. The plea agreement stated in relevant

part:

> The defendant also understands and acknowledges that the court must impose a minimum term of imprisonment of ten (10) years and may impose a statutory maximum term of imprisonment of up to life, followed by a term of supervised release. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $4 million.

At Bejarano's plea colloquy, the district court stated:

> You do understand that the statutory maximum that the Court could impose is a maximum of up to life with a minimum term of ten years followed by [a] term of supervised release and a fine of up to $4,000,000. That is provided for by statute. Do you understand that?

Bejarano responded, "Yes."

The district court did not inform Bejarano that there was a mandatory minimum term of supervised release of five years; however, Bejarano's initial Presentence Investigation Report (PSI) noted that a five-year term of supervised release was required by statute. Although Bejarano filed numerous objections to the PSI, he did not dispute the statutory requirement of five years of supervised release. A revised PSI also noted the mandatory five-year supervised release period. At the sentencing hearing, Bejarano did not object to the five-year supervised release period, and Bejarano was sentenced to 120 months' imprisonment and five years of supervised release.

## II. Discussion

On appeal, Bejarano argues that the district court's omission of the statutory minimum term of supervised release violated Fed. R. Crim. P. 11 and that his conviction and sentence should be vacated in order to give him the opportunity to withdraw his guilty plea.

Because Bejarano did not object to the Rule 11 colloquy below, we review the district court's failure to inform Bejarano of the mandatory minimum term of supervised release for plain error. See United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir. 1999). "Plain error is clear or obvious and affects substantial

3

rights; the defendant bears the burden of persuasion with respect to prejudice." Id. at 1322 n. 3 (internal quotation marks and citation omitted).

In a case presenting similar facts, United States v. Roberts, No. 00-10983, (11th Cir. Dec. 13, 2000) (unpub.), another panel of this Court held that the district court's failure to advise Roberts of the minimum mandatory term of supervised release was not plain error, because Roberts' substantial rights were not affected. The Court noted that Roberts' plea agreement provided that he understood and agreed that his term of imprisonment would be "followed by a term of supervised release" and that the district court had advised Roberts at his plea colloquy that he would be subject to a term of imprisonment followed by a term of supervised release. The Court also noted that Roberts had been advised of the mandatory period of supervised release in his PSI, and he failed to object to the PSI at his sentencing hearing. The Court held that "Roberts' own conduct indicate[d] that his substantial rights were not harmed by any potential oversight by the district court with respect to its advice to Roberts on a specific term of supervised release." In support of this holding, Roberts cited United States v. Carey, 884 F.2d 547, 549 (11th Cir. 1989), in which this Court held that the defendant's substantial rights were not affected where the district court failed to inform him during the plea colloquy of the potential period of supervised release under the Sentencing

Guidelines, because the district court advised the defendant at sentencing, as the PSI had informed him previously, that the guidelines prescribed a mandatory term of supervised release, and the defendant did not object. We find the analysis of Roberts persuasive.[1]

Both the written plea agreement and the district court's statement during the plea colloquy informed Bejarano that the court could impose a sentence of imprisonment up to a maximum of life, that there was a mandatory minimum sentence of ten years' imprisonment, and that his sentence would include a period of supervised release. Furthermore, Bejarano's PSI stated that a five-year period of supervised release was required by statute, and Bejarano failed to object to the PSI at sentencing. Because Bejarano's conduct indicates that his substantial rights were not affected by the district court's failure to inform him at his plea colloquy of the specific term of supervised release required by statute, we hold that Bejarano

---

[1] We also note that every circuit that has addressed this issue has held that a district court's failure to inform a defendant that he faces a specific term of supervised release, or to inform the defendant of the effect of supervised release on his sentence, is harmless error in a situation like this one, where the defendant's actual sentence, including the term of imprisonment and period of supervised release, is well below the sentence that the defendant was informed by the district court that he faced. See United States v. Elkins, 176 F.3d 1016 (7th Cir. 1999); United States v. Andrades, 169 F.3d 131 (2d Cir. 1999); United States v. Fuentes-Mendoza, 56 F.3d 1113, 1114 (9th Cir. 1995); United States v. Raineri, 42 F.3d 36 (1st Cir. 1994); United States v. Good, 25 F.3d 218 (4th Cir. 1994); United States v. Syal, 963 F.2d 900 (6th Cir. 1992); United States v. Bachynsky, 934 F.2d 1349 (5th Cir. 1991) (en banc), modified by, United States v. Johnson, 1 F.3d 296 (5th Cir. 1993) (en banc); United States v. Barry, 895 F.2d 702 (10th Cir. 1990); United States v. McGeehan, 824 F.2d 677 (8th Cir. 1987).

is not entitled to withdraw his guilty plea, and we affirm his conviction and sentence.

AFFIRMED.