[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 3, 2006
THOMAS K. KAHN
CLERK

No. 05-14440
Non-Argument Calendar

_____

D. C. Docket No. 04-80153-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN HUTCHINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 3, 2006)**

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

After pleading guilty to a count of forcibly assaulting a federal officer by use

of a dangerous weapon, defendant-appellant Brian Hutchins argues for the first time on appeal that his plea should be vacated because the district court committed plain error during his Federal Rule of Criminal Procedure 11 ("Rule 11") plea colloquy by misstating the maximum statutory penalty for the charged offense. Hutchins also argues that the court erred in various ways in enhancing his sentence and that his sentence is unreasonable. For the reasons that follow, we affirm.

## I. Background

Following his indictment for forcibly assaulting a federal officer by use of a dangerous weapon, in violation of 18 U.S.C. § 111(b), and for possession of burglary tools, in violation of Florida Statute § 810.06 and 18 U.S.C. §§ 7(3), 13 and 2, Hutchins agreed to plead guilty to the assault count in exchange for the government's agreement to seek dismissal of the burglary tools count. The plea agreement stipulated that the advisory sentencing guidelines would apply and neither party would seek upward or downward departures.

The government made the following proffer: Veterans Affairs police officers on patrol at the Veterans Administration Hospital observed a car driving slowly through a deserted parking lot on the hospital's property after normal hours. Hutchins was driving, and there were several others in the backseat. Officers flagged down the car; Hutchins initially told police that they were lost but then

2

stated that they were there to visit someone. When officers asked Hutchins for his driver's license, he sped off. The officers were able to cut Hutchins off at the only exit out of the parking lot. When Hutchins saw the officers blocking the exit, he paused and then accelerated toward them at an estimated speed of between fifty and fifty-five miles per hour. The officers drew their guns, and Hutchins stopped a foot or so before hitting the police car that the officers were behind. Hutchins admitted that the factual proffer was correct, and the court accepted his guilty plea.

The probation officer prepared a presentence investigation report ("PSI"), assigning a base offense level of 14 pursuant to U.S.S.G. § 2A2.2, and then recommended: (1) a four-level enhancement under § 2A2.2(b)(2)(B) because the offense involved a dangerous weapon; (2) a two-level increase under § 2A2.2(b)(6) because Hutchins was convicted under § 111(b); and (3) a six-level enhancement under the cross-reference provision of § 3A1.2(c)(1) because Hutchins knew he was fleeing law enforcement officers and his assault created a substantial risk of serious bodily injury. A reduction for acceptance of responsibility produced a total adjusted offense level of 23. The probation officer listed Hutchins's prior convictions, which included several juvenile convictions. Because Hutchins committed the instant offense within two years of his release for his prior offenses and while on conditional release, he had a criminal history category of IV, which

led to an advisory guidelines range of 70 to 87 months' imprisonment.

Hutchins objected to the PSI, asserting, <u>inter alia</u>, that (1) the § 2A2.2(b)(6) enhancement resulted in double counting; (2) the § 2A2.2(b)(2)(B) enhancement was improper because the car was used as a means of escape and not as a dangerous weapon; and (3) there was no evidence the offense was motivated by the officers' status, and, therefore, a § 3A1.2 enhancement was not warranted.

Although the notice of maximum penalties attached to the indictment indicated that the assault offense carried a maximum term of 20 years, the plea agreement mistakenly indicated that "the court must impose a minimum term of imprisonment of up to ten (10) years . . ." At the change-of-plea hearing, the district court clarified that the above statement from the plea agreement contained a typographical error and should read that the <u>maximum</u> term is up to ten years. It was not until the sentencing hearing, however, that the court noted that the correct maximum term for the assault offense is 20 years, rather than 10 years.

At sentencing, the court found, and Hutchins conceded, that the § 2A2.2(b)(6) enhancement was proper because Hutchins had pleaded guilty to § 111(b).[1] With respect to the use of the car as a dangerous weapon, Hutchins argued that the court should not consider an enhancement under § 2A2.2(b)(2)(B)

---

[1]"If the defendant was convicted under 18 U.S.C. § 111(b) or § 115, increase by 2 levels." U.S.S.G. § 2A2.2(b)(6).

because aggravated assault by definition included the use of a weapon and here the car was a means of escape and not intended as a weapon. The court sustained the objection in part, although it found that a three-level enhancement under § 2A2.2(b)(2)(C) was nevertheless proper because Hutchins used the car as a threat or brandished it even if he did not intend injury.

With respect to the enhancement pursuant to § 3A1.2, the court heard testimony from one of the officers to the effect that the area where the events occurred was illuminated with streetlights, the officers were in uniform and used marked vehicles with police lights, and that he drew his weapon because he feared that the car might hit him. The district court concluded that Hutchins had reason to know the offense involved government officials based on his prior contact with them and that the § 3A1.2(c) enhancement was proper.

The district court sentenced Hutchins to 63 months' imprisonment and three years supervised release. In imposing sentence, the court stated that the low end of the guidelines range was sufficient to "get [Hutchins's] attention," to reflect the seriousness of the offense, and to provide a just and reasonable punishment.

## II. Discussion

Rule 11 Violation

Hutchins argues that the court's failure to advise him of the correct

maximum sentence during his plea colloquy violates Rule 11 and requires that he be permitted to withdraw his guilty plea. He asserts that the error was not harmless because his decision to plead guilty substantially resulted from the erroneous representation that the maximum penalty for the offense to which he pleaded guilty was 10 years.

When a defendant fails to assert a Rule 11 violation in the district court, he must show plain error on appeal to obtain relief. United States v. Monroe, 353 F.3d 1346, 1349 (11th Cir. 2003) (citation omitted). "Under plain-error review, the defendant has the burden to show that there is (1) 'error' (2) that is 'plain' and (3) that 'affect[s] substantial rights.'" Id. (citation and internal quotation marks omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. at 1349-50 (citation and internal quotation marks omitted). Moreover, the Supreme Court has held that "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominquez Benitez, 542 U.S. 74, 83 (2004).

"When a district court accepts a guilty plea, it must ensure that the three core

concerns of Rule 11 . . . have been met: (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." United States v. Lejarde-Rada, 319 F.3d 1288, 1289 (11th Cir. 2003) (quotation omitted). As determining whether a defendant is informed of and understands the charges against him is a core concern of Rule 11, a district court's failure to do so violates a defendant's substantial rights and, thus, can constitute plain error. United States v. Camacho, 233 F.3d 1308, 1314 (11th Cir. 2000). "[I]n the Rule 11 context, the reviewing court may consult the whole record when considering the effect of any error on substantial rights." Monroe, 353 F.3d at 1350 (quotation omitted).

Here, the district court erred when it advised Hutchins of the incorrect statutory maximum for his offense during the plea colloquy. However, that error did not affect Hutchins's substantial rights. The indictment included a notice that the maximum penalty was 20 years' imprisonment, and the court confirmed during the plea colloquy that Hutchins had received the indictment, discussed it with counsel and understood the charges. Moreover, the PSI stated the correct maximum penalty, and the correct maximum penalty was revealed during the sentencing hearing. The fact that Hutchins failed to object or move to withdraw his plea before or during sentencing, despite the fact that the PSI stated the correct

7

maximum and the court stated the correct maximum during the sentencing hearing, suggests that Hutchins's substantial rights were not affected by the error. See United States v. Bejarano, 249 F.3d 1304, 1307 (11th Cir. 2001).

Furthermore, Hutchins has not established that he was prejudiced by the error. Although he now asserts that his decision to plead guilty was based on his misapprehension of the statutory maximum for the charged offense, the suggestions that he would not have plead guilty had the court informed him of the correct maximum penalty during the plea colloquy is unpersuasive, as the sentence imposed was well below the incorrect maximum sentence stated by the court. See Bejarano, 249 F.3d at 1306 n. 1. Accordingly, we hold that Hutchins has not established that he was prejudiced by the district court's error.

Double Counting

Hutchins next argues that the district court incorrectly determined his sentencing range by misapplying the enhancements under U.S.S.G. §§ 3A1.2(c) and 2A2.2(b)(6). Specifically, Hutchins contends that the application of § 3A1.2(c) in addition to § 2A2.2 resulted in double counting because it enhanced his sentence because of the victim's status as a law enforcement officer even though that status was already taken into consideration as essential element of the assault offense, a violation of 18 U.S.C. § 111(b).

8

He further argues that the court erred by enhancing his sentence under § 2A2.2(b)(6) because it "subrogated § 2A2.2(C)" [*sic*][2] and then bifurcated the enhancement in order to impose an uncontemplated enhancement under § 2A2.2(b)(2)(C) rather than as part of § 2A2.2(b)(6). He claims his offense was akin to minor assault rather than felonious assault because the vehicle was not intended to be a deadly weapon or to cause a substantial risk of bodily injury.

Following United States v. Booker, 543 U.S. 220 (2005), courts are still required to correctly calculate the guidelines range, and reviewing courts apply the same standards of review. See United States v. Lee, 427 F.3d 881, 892 (11th Cir. 2005). This court reviews a district court's factual findings for clear error and its application of the sentencing guidelines de novo. Id. at 892. Because the district court sentenced Hutchins under an advisory guidelines scheme and without any extra-verdict enhancements, the court did not commit Booker error.

The § 3A1.2(c) Enhancement

Under § 3A1.2(c), the court should increase the offense level by six "if, in a manner creating a substantial risk of serious bodily injury, the defendant . . . knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense or

[2] Hutchins most likely intended to refer to § 2A2.2(b)(2)(C).

9

immediate flight therefrom. . . ." U.S.S.G. § 3A1.2(c).

This court has held that "[d]ouble counting a factor during sentencing is permitted if the Sentencing Commission (Commission) intended that result and each guideline § in question concerns conceptually separate notions relating to sentencing." United States v. Jackson, 276 F.3d 1231, 1235-36 (11th Cir. 2001) (citations omitted). We presume that the "Commission intended to apply separate guideline sections cumulatively unless specifically directed otherwise." Id. at 1236.

Where, as here, a defendant has been convicted of assaulting an official, in violation of 18 U.S.C. § 111(b), and assigned a base offense level for aggravated assault under U.S.S.G. § 2A2.2, an enhancement under § 3A1.2 based on the victim's official status does not constitute improper double counting. United States v. Park, 988 F.2d 107, 110 (11th Cir. 1993). Although the guidelines commentary explains that the § 3A1.2 enhancement should not apply "if the offense guideline specifically incorporates this factor," the commentary goes on to state that "[t]he only offense guideline in Chapter Two that specifically incorporates this factor is § 2A2.4." U.S.S.G. § 3A1.2, cmt. n. 2. Furthermore, the commentary explains that the application of § 3A1.2 along with § 2A2.2(b)(6) is intended to be cumulative. U.S.S.G. § 2A2.2, cmt. n. 4 & backg'd. Accordingly, the district court did not err by applying this enhancement.

10

The § 2A2.2 Enhancements

Hutchins concedes that he pleaded guilty to a violation of 18 U.S.C. § 111(b), committed by means of a dangerous weapon. He also concedes that the court was obligated to apply both the base offense level found in U.S.S.G. § 2A2.2(a) and the enhancement under subsection (b)(2). Hutchins argues, however, that the court erred by applying the enhancement under § 2A2(b)(2)(C) in addition to the enhancement under § 2A2.2(b)(6) and its cross-reference, § 3A1.2.

At sentencing, Hutchins did not challenge the district court's application of the enhancement under § 2A2.2(b)(2)(C), so we review for plain error. See United States v. Hall, 314 F.3d 565, 566 (11th Cir. 2002). Although the district court concluded that there was no intent to cause bodily harm, under § 2A2.2(b)(2)(C), the guidelines indicate that a three-level enhancement is proper if the defendant brandished or threatened the use of a dangerous weapon. U.S.S.G. § 2A2.2(b)(2)(C). Here, the court heard testimony that Hutchins drove the car at a high speed directly towards the officers. He stopped just short of the patrol car they stood behind. Even if Hutchins did not intend to injure the officers, his conduct constituted a threat of the use of a deadly weapon. Thus the district court did not err by enhancing Hutchins's sentence under § 2A2.2(b)(2)(C).

Reasonableness of Sentence

Finally, Hutchins argues that his sentence is unreasonable in light of <u>Booker</u> because the court enhanced his sentence based on facts not admitted by him and increased his sentence despite the plea agreements's condition that the sentence would not include any upward or downward departures.

Because Hutchins failed to object to the alleged error before the district court, we review for plain error. <u>Hall</u>, 314 F.3d at 566. After <u>Booker</u>, this court reviews sentences for reasonableness. <u>United States v. Winingear</u>, 422 F.3d 1241, 1245 (11th Cir. 2005). In conducting this review, this court considers the entire sentence for reasonableness in light of the sentencing factors set forth in § 3553(a). <u>Id.</u> After <u>Booker</u>, the district court is still required to correctly calculate the guidelines range, and the same standards of review apply. <u>See Lee</u>, 427 F.3d at 892. Hutchins bears the burden of establishing that his sentence was unreasonable. <u>United States v. Talley</u>, 431 F.3d 784 (11th Cir. 2005).

As an initial matter, Hutchins apparently fails to appreciate that under the guidelines sentencing scheme, specific offense characteristics and enhancements differ from upward or downward departures. The court is required to determine the correct sentencing range by properly applying the guidelines, including consideration of any specific offense characteristics, enhancements and reductions. <u>See</u> U.S.S.G. § 1B1.1, cmt. n. 1(E) (defining departures); § 1B1.3(a) (explaining

how to calculate the appropriate guidelines range). Here, the plea agreement informed Hutchins that the court would determine his sentence based on its calculation of his guidelines range, and the parties agreed that there would be no upward or downward departures. Because the guidelines calculations included enhancements and offense characteristics but no departures, it complied with the terms of the plea agreement.

Moreover, the sentence imposed was reasonable. First Hutchins was sentenced at the low end of the guidelines range, and the guidelines range is one factor the court must consider in fashioning a reasonable sentence. 18 U.S.C. § 3553(a). Second, the court explained that the sentence was necessary to get the attention of a young man with several juvenile convictions as well as to reflect the seriousness of the offenses and to provide a just and reasonable punishment. Third, the sentence fell well below the statutory maximum penalty. Accordingly, Hutchins has not met his burden of showing that his sentence was unreasonable.

For the foregoing reasons, we **AFFIRM.**

13