[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 21, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14947
Non-Argument Calendar

_____

D. C. Docket No. 04-00089-CR-T-17-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGINALD ALVIN MILIAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 21, 2006)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Reginald Milian pled guilty to making a false written statement, in

connection with an attempt to acquire a firearm from a federally licensed dealer, in violation of 18 U.S.C. § 922(a)(6). Milian was sentenced to 70 months' imprisonment. Milian appeals, arguing that his guilty plea is invalid. After review, we affirm.

During Milian's change-of-plea hearing, the government proffered the following factual basis for Milian's plea:

> On or about May 13th, 2003, in Hillsborough County, in the Middle District of Florida, the Defendant, Reginald Milian, pawned an Armalite AR-10 .308 caliber rifle at the University Gun and Pawn Shop . . . .
> On July 3rd, 2003, the Defendant returned to the University Gun and Pawn Shop and attempted to reacquire the Armalite AR-10 .308 caliber rifle and falsely answered no to the question of whether he had ever been convicted of a felony offense on ATF From 4473, the Firearms Transaction Record.
> This response was untrue, as the Defendant had been previously convicted of robbery . . . and sexual assault on a child by one in a position of trust . . . .

Milian agreed that the government's recitation of the facts was accurate. The district court subsequently accepted Milian's guilty plea.

On appeal, Milian argues for the first time that, because the government did not establish on the record that the pawn shop where he attempted to acquire the firearm was a federally licensed dealer, the district court did not establish a sufficient factual basis for his guilty plea. Where, as here, a defendant fails to object to a Rule 11 violation in the district court, we review for plain error. United

2

States v. Monroe, 353 F.3d 1346, 1349 (11th Cir. 2003).[1] Under plain error review, there must be (1) an error, (2) that is plain, and (3) that affects substantial rights. Id. "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" Id. "Further, in the Rule 11 context, the reviewing court may consult the whole record when considering the effect of any error on substantial rights." Id. (quotation marks omitted). The defendant bears the burden of showing that an error affected his substantial rights. United States v. Bejarano, 249 F.3d 1304, 1306 (11th Cir. 2001). In order to prove that a district court committed plain error under Rule 11, a defendant must show a "reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004).

Rule 11(b)(3) requires that the district court, before entering judgment on a guilty plea, "determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). This requirement serves the purpose of protecting "a defendant who mistakenly believes that his conduct constitutes the criminal offense to which he is

---

[1]We reject Milian's argument that this Court should apply the de novo standard of review applicable to Rule 11 voluntariness challenges. Milian's appeal does not assert a voluntariness challenge.

3

pleading." United States v. Frye, 402 F.3d 1123, 1128 (11th Cir.), cert. denied, 125 S. Ct. 2986 (2005). "The standard for evaluating challenges to the factual basis for a guilty plea is whether the trial court was presented with evidence from which it could reasonably find that the defendant was guilty." Id. (quotation marks omitted).

"To sustain a conviction under § 922(a)(6), the government must prove beyond a reasonable doubt that: (1) the defendant knowingly made; (2) a false or fictitious written statement in connection with the purchase of firearms; (3) intended to deceive or likely to deceive a licensed firearms dealer; (4) and the false statement was a fact material to the lawfulness of the sale or disposition of the firearm." United States v. Ortiz, 318 F.3d 1030, 1036 (11th Cir. 2003).

Here, the government presented sufficient evidence from which the district court reasonably could have determined that Milian was guilty of the charged offense. Milian admitted at the plea colloquy that, when he went to reacquire the firearm at the University Gun and Pawn Shop, he filled out an ATF Form 4473. This fact was sufficient for the district court to have reasonably concluded that University Gun and Pawn Shop was federally licensed, as federally licensed firearms dealers use this form.

Moreover, even assuming that the district court committed error by

4

accepting Milian's guilty plea, Milian has not carried his burden to show prejudice. Milian has not alleged, much less proven, that, had the government included in its proffer that University Gun and Pawn Shop was federally licensed, he would not have pled guilty. Accordingly, we affirm Milian's conviction and sentence.

**AFFIRMED.**