[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15976

Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00026-CR-BAE-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEON PERRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 16, 2009)

Before DUBINA, Chief Judge, BLACK  and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Leon Perry, through counsel, appeals his conviction and sentence

for conspiracy to possess with intent to distribute, and to distribute, a quantity of cocaine base and a quantity of cocaine hydrochloride, in violation of 21 U.S.C. § 846. On appeal, Perry argues that the government breached his plea agreement by not recommending at the sentencing hearing that he receive a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. He also asserts that the district court failed to comply with Rule 11 of the Federal Rules of Criminal Procedure by not informing him during his plea colloquy that he faced a maximum supervised release term of life. Finally, Perry argues that his 240-month sentence is both procedurally and substantively unreasonable based on the 18 U.S.C. § 3553(a) factors.[1]

## I.

Perry argues that the government breached his plea agreement by failing to recommend an acceptance-of-responsibility reduction. He admits that he violated the terms of his pretrial release by using cocaine. Nevertheless, because the government was aware of this violation before the plea agreement was drafted, Perry explains that he reasonably understood the agreement to mean that the government's obligation to recommend an acceptance-of-responsibility reduction

---

[1]In his opening brief, Perry asserted that he was entitled to withdraw his plea agreement because the district court had not entered his plea agreement into the record. Perry withdrew this argument in his reply brief, and, accordingly, we do not address it here.

was not excused based on this incident.

Generally, whether the government breached a plea agreement is a legal question that we review *de novo*. *United States v. Horsfall*, 552 F.3d 1275, 1281 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 2034 (2009). However, because Perry failed to object to the asserted breach of the plea agreement before the district court, we are reviewing for plain error only. *Puckett v. United States*, 556 U.S. ___, ___, 129 S. Ct. 1423, 1428-29, 173 L. Ed. 2d 266 (2009). Under this standard, Perry must show that there is (1) error, (2) that is clear or obvious, and (3) that affects his substantial rights. *Id.* at ___, 129 S. Ct. at 1429. The Supreme Court has suggested that the second prong of plain-error review "will often have some 'bite' in plea agreement cases" because "[n]ot all breaches will be clear or obvious." *Id.* at ___, 129 S. Ct. at 1433. An error affects a defendant's substantial rights if there is a reasonable probability that the district court proceedings would have had a different outcome but for the error. *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005). If the first three requirements of plain-error review are met, we have discretion to correct an error that "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Puckett*, 556 U.S. at ___, 129 S. Ct. at 1429 (quoting *United States v. Olano*, 507 U.S. 725, 736, 113 S. Ct. 1770, 1779, 123 L. Ed. 2d 508 (1993)).

The government is required to adhere to any material promises that it makes in a plea agreement. *Santobello v. New York*, 404 U.S. 257, 262, 92 S. Ct. 495, 499, 30 L. Ed. 2d 427 (1971). "Whether the government violated the agreement is judged according to the defendant's reasonable understanding at the time he entered the plea." *United States v. Rewis*, 969 F.2d 985, 988 (11th Cir. 1992). We use an objective standard in interpreting plea agreements, and will not accept a "hyper-technical" or "rigidly literal" interpretation of the agreement. *Id.* (citation omitted). We interpret an ambiguous plea agreement against the government. *Id.*

Section 3E1.1 allows a district court to reduce a defendant's offense level by up to three levels for acceptance of responsibility. The decision of whether to grant such a reduction is discretionary with the district court. *United States v. Kendrick*, 22 F.3d 1066, 1069 (11th Cir. 1994). In making this determination, the court may consider any post-offense criminal conduct, including illegal drug use, even if it is unrelated to the offense of conviction. *United States v. Pace*, 17 F.3d 341, 343-44 (11th Cir. 1994). Nevertheless, a positive drug test does not automatically disqualify a defendant from receiving an acceptance-of-responsibility reduction. *Kendrick*, 22 F.3d at 1069.

In this case, it is not clear or obvious that the government breached the plea agreement by not recommending an acceptance-of-responsibility reduction, nor has

Perry shown that his substantial rights were affected. Accordingly, we conclude that Perry has not demonstrated plain error with respect to this issue.

## II.

Next, Perry argues that the district court committed a Rule 11 violation by failing to inform him during the plea colloquy that he faced a statutory maximum supervised release term of life. He states that there is a reasonable probability that he would not have pleaded guilty had he known that he potentially faced a lifetime of supervised release.

Generally, we review the voluntariness of a guilty plea *de novo*. *United States v. Frye*, 402 F.3d 1123, 1126 (11th Cir. 2005). Because Perry failed to object to the asserted Rule 11 violation before the district court, however, we review for plain error. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). In order to establish that a district court committed plain error under Rule 11, a defendant "'must show a reasonable probability that, but for the error, he would not have entered the plea.'" *Id.* at 1020 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340, 159 L. Ed. 2d 157 (2004)).

"A guilty plea involves the waiver of a number of a defendant's constitutional rights, and must therefore be made knowingly and voluntarily to

satisfy the requirements of due process." *Moriarty*, 429 F.3d at 1019. In accepting a defendant's plea of guilty, the district court must specifically address the three "core principles" of Rule 11 by "ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." *Id.* "To ensure compliance with the third core concern, Rule 11(b)(1) provides a list of rights and other relevant matters about which the court is required to inform the defendant prior to accepting a guilty plea." *Id.* Rule 11 requires the district court to address "any maximum possible penalty, including imprisonment, fine, and term of supervised release." Fed.R.Crim.P. 11(b)(1)(H).

In *United States v. Bejarano*, 249 F.3d 1304 (11th Cir. 2001), the district court failed to inform Bejarano during his Rule 11 colloquy that he faced a mandatory minimum term of five years of supervised release. *Id.* at 1306. Nevertheless, Bejarano's PSI did list the correct supervised release term, and Bejarano failed to object to the PSI or to the term of supervised release imposed by the district court. *Id.* As a result, we concluded that the Rule 11 error did not affect Bejarano's substantial rights. *Id.* at 1307.

Here, even if we assume the district court committed a Rule 11 error by not informing Perry that he faced a statutory maximum supervised release term of life,

it does not affect Perry's substantial rights so as to constitute plain error. See *Bejarano*, 249 F.3d at 1307. As a result, we hold that the district court did not commit plain error with respect to this issue.

III.

Finally, Perry argues that his 240-month sentence is unreasonable. He asserts that the district court committed procedural error by not considering the disparity between his sentence and the sentences given to his codefendants. Perry also argues that his sentence is substantively unreasonable because 32 of his 34 codefendants received shorter sentences, and because his only involvement in the drug conspiracy was as a "low-level drug user" who purchased small amounts of cocaine.

We review a sentence imposed by a district court for reasonableness, using an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, ___, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007). The burden of proof is on the party challenging the reasonableness of the sentence. *United States v. Thomas*, 446 F.3d 1348, 1351 (11th Cir. 2006).

In reviewing a sentence, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory,

7

failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at ___, 128 S. Ct. at 597. The district court is not required to specifically discuss each § 3553(a) factor, provided that the court acknowledges that it considered all of the factors. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).

After determining that a sentence is procedurally reasonable, we must determine whether the sentence imposed is substantively reasonable, or supported by the § 3553(a) factors. *Gall*, 552 U.S. at ___, 128 S. Ct. at 597. These factors include, among other things, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct; the need to avoid unwarranted sentencing disparities between similarly situated defendants; and the advisory guideline range. *See* 18 U.S.C. § 3553(a). Although we do not automatically presume that a sentence within the defendant's guideline range is reasonable, we have stated that we would ordinarily expect such a sentence to be reasonable. *Talley*, 431 F.3d at 787-88. "We will defer to the district court's judgment regarding the weight given to the § 3553(a) factors unless the district

court has made a clear error of judgment." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (quotation omitted), *petition for cert. filed*, (U.S. May 14, 2009) (No. 08-10528).

Here, the record demonstrates that the district court followed the proper procedures in sentencing Perry. *See Gall*, 552 U.S. at ___, 128 S. Ct. at 597. The district court correctly calculated Perry's guideline range, stated that it had considered all of the § 3553(a) factors, and explained the reasons why it was imposing a 240-month sentence. Therefore, we conclude that Perry's sentence is both procedurally and substantively reasonable.

For the above-stated reasons, we affirm Perry's conviction and sentence.

**AFFIRMED.**