[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 17, 2010
JOHN LEY
CLERK

No. 09-13169
Non-Argument Calendar

_____

D. C. Docket No. 09-60010-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES VOTTA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 17, 2010)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

James Votta appeals his conviction and ten-year term of supervised release imposed after he was found guilty of failing to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"). 18 U.S.C. § 2250(a). Votta argues: (1) that the district court plainly erred in failing to advise him of the consequences of his guilty plea by incorrectly stating the minimum and maximum terms of supervised release; and (2) that the ten-year term of supervised release imposed was unreasonable because it was greater than necessary.

## I. *Error in Plea Colloquy*

Rule 11 of the Federal Rules of Criminal Procedure requires that, before a court accepts a plea of guilty, it must inform the defendant of any maximum possible penalty, including a term of supervised release, and any mandatory minimum penalty. Fed. R. Crim. P. 11(b)(1)(H), (I). Because Votta failed to object to any alleged error under Rule 11 before the district court, we review for plain error. *See United States v. Bejarano*, 249 F.3d 1304, 1306 (11th Cir. 2001) (per curiam). Under plain-error review, the defendant has the burden to show that there was plain error that affected his substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007) (citation omitted). An error affects a defendant's substantial rights if there is "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*,

542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004). In addition, the error must seriously affect the "fairness, integrity, or public reputation of judicial proceedings." *Turner*, 474 F.3d at 1276 (citation and quotation omitted).

In *Bejarano*, we held that the district court's failure to inform the defendant of a minimum mandatory term of supervised release at the plea colloquy did not affect his substantial rights where (1) both the written plea agreement and the district court's statement during the plea colloquy informed the defendant that his sentence would include a period of supervised release; (2) the Presentence Investigation Report ("PSI") correctly stated that there was a minimum mandatory term of supervised release required by statute; and (3) the defendant failed to object to the PSI at sentencing. 249 F.3d at 1307; *see also United States v. Carey*, 884 F.2d 547, 549 (11th Cir. 1989) (per curiam) (holding that the defendant's substantial rights were not affected where the district court failed to inform him during the plea colloquy of the potential period of supervised release under the Guidelines, but where the defendant did not object upon learning of this from the PSI and from the court at sentencing). We determined that the defendant's conduct in failing to object indicated that his substantial rights were not affected. *Bejarano*, 249 F.3d at 1307. We recently upheld and applied *Bejarano* in the specific context of SORNA and its mandatory term of supervised release under 18 U.S.C.

3

§ 3583(k).  *United States v. Brown*, 586 F.3d 1342, 1345–47 (11th Cir. 2009).

Here, the district court erred when it incorrectly advised Votta that he was subject to a term of supervised release of up to three years, when he was actually subject to a statutory minimum term of five years and a maximum of life.  18 U.S.C. § 3583(k).  Votta argues that he would not have pled guilty if he had known that there was a statutory minimum term, pointing to his statement to the district court at sentencing that in a prior state case, he had asked the court for a longer prison sentence to avoid a term of supervised release.  However, the PSI set forth the correct terms of supervised release, but Votta did not object to this provision of the PSI.  Furthermore, Votta did not object at sentencing after the district court expressly addressed his concerns over supervised release, indicated its reasons for imposing a ten-year term, and indicated that there was a mandatory minimum term of supervised release.

Votta's own conduct in failing to object at sentencing to the PSI, which correctly set forth the minimum and maximum terms of supervised release, indicates that his substantial rights were not affected, and, thus, the district court did not plainly err.

## II.  *Reasonableness of Term of Supervised Release*

We review a final sentence imposed by a district court for reasonableness.

*United States v. Booker*, 543 U.S. 220, 264, 125 S. Ct. 738, 767 (2005). The substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). Reasonableness review is "deferential," and the burden is on the defendant to show that the sentence was unreasonable in light of the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). There is a range of reasonable sentences from which the district court may choose. *Id.* We will remand for resentencing only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation and citation omitted). While a sentence within the Guideline range is not *per se* reasonable, we ordinarily expect such a sentence to be reasonable. *Talley*, 431 F.3d at 788. We can also consider the relationship between the sentence imposed and the statutory maximum in determining whether a sentence is reasonable. *See United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005) (per curiam) (noting that the defendant's within-range sentence was one-tenth of the statutory maximum).

Pursuant to § 3553(a), the sentencing court shall impose a sentence

sufficient, but not greater than necessary, to (1) reflect the seriousness of the offense, (2) promote respect for the law, (3) provide just punishment for the offense, (4) deter criminal conduct, (5) protect the public from future crimes of the defendant, and (6) provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2).

Votta concedes that the court considered the § 3553(a) factors, but he argues that the ten-year term of supervised release is unreasonable. He contends that the court itself acknowledged that he was not before the court on his previous domestic abuse case, that he had properly registered in three states, that he had come to Florida to reunite with his children, that he had failed to register for a relatively brief time, and that his failure was not intentional. However, Votta fails to consider that the district court sentenced him to only 6 months' imprisonment, well below the Guidelines range of 15 to 21 months. In determining the period of supervised release, the court considered the seriousness of failing to register and the legitimate need to protect society through registration. It noted that it had an obligation to impose a sentence that would deter Votta and others from failing to register in the future. It also stated that the supervised release term was imposed to help Votta and would be removed after a significant period of time if he complied with his obligations. Finally, the ten-year term of supervised release is well below

6

the statutory maximum term of life.

Votta has failed to show that his within-range sentence of ten years' supervised release, to follow a period of six months' imprisonment, was outside the range of reasonable sentences under the facts of this case. Accordingly, we affirm both Votta's conviction and sentence.

**AFFIRMED.**