**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5205**

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

SANFORD LEE MARTIN,

          Defendant – Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Glen E. Conrad, Chief District Judge.  (4:09-cr-00038-GEC-1)

Submitted:  August 18, 2011      Decided:  August 30, 2011

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Killis T. Howard, KILLIS T. HOWARD, P.C., Lynchburg, Virginia, for Appellant.  Ronald Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sanford Lee Martin pleaded guilty, pursuant to a plea agreement, to communicating a threat in interstate commerce, in violation of 18 U.S.C. § 875(c) (2006). The district court sentenced Martin to fifteen months' imprisonment and three years' supervised release.[1] Martin appealed, and his counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but asking this court to review the validity of Martin's guilty plea and to review the sentence for reasonableness.[2] Although informed of his right to file a pro se supplemental brief, Martin has not done so. Finding no reversible error, we affirm.

A guilty plea is constitutionally valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). This court evaluates a guilty plea based on "the totality of the circumstances" surrounding the guilty plea. United States v.

[1] Martin has been released from prison and currently is serving his term of supervised release.

[2] Because the Government has not sought enforcement of Martin's waiver of appellate rights, we may conduct our review of the sentence pursuant to Anders. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007).

<u>Moussaoui</u>, 591 F.3d 263, 278 (4th Cir. 2010). A properly conducted Rule 11 colloquy creates a "strong presumption" that a plea of guilty was taken appropriately and is "final and binding." <u>United States v. Lambey</u>, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

Martin did not move to withdraw his guilty plea, and this court therefore reviews the adequacy of the plea pursuant to Fed. R. Crim. P. 11 for plain error. <u>See</u> <u>United States v. Vonn</u>, 535 U.S. 55, 58-59 (2002) (holding that "defendant who lets Rule 11 error pass without objection" in district court must satisfy plain-error test); <u>United States v. Massenburg</u>, 564 F.3d 337, 342 (4th Cir. 2009). To establish plain error, Martin "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." <u>Massenburg</u>, 564 F.3d at 342-43. To demonstrate impact on his substantial rights, Martin must show that, but for error, he would not have pleaded guilty. <u>United States v. Martinez</u>, 277 F.3d 517, 532 (4th Cir. 2002). Even if such error is found, it is within this court's discretion to notice the error, and this court does so "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." <u>Massenburg</u>, 564 F.3d at 343 (internal quotation marks omitted).

We note that the district court neglected to inform Martin of the maximum term of supervised release he faced and

3

the court's authority to order restitution, as required by Rule 11(b)(1)(H) and (K), respectively. We conclude that the district court's minor omissions did not affect Martin's substantial rights. Martin's sentence of imprisonment when combined with the maximum term of supervised release to which he was subject did not exceed the statutory maximum sixty-month sentence. See United States v. Bejarano, 249 F.3d 1304, 1306 n.1 (11th Cir. 2001) (collecting cases). Moreover, the district court did not order restitution in this case. Martin is therefore unable to show that he would not have pleaded guilty but for the district court's omissions.

We now turn to Martin's sentence. We review sentences for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Diosdado-Star, 630 F.3d 359, 363 (4th Cir.), cert. denied, 131 S. Ct. 2946 (2011). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51. In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. Once the court assures itself that there was no procedural error, we next assess the substantive

4

reasonableness of the sentence. This inquiry requires us to review "whether the District Judge abused his discretion in determining that the § 3553(a) factors supported [the sentence] and justified a substantial deviation from the Guidelines range." Gall, 552 U.S. at 56. We "must 'take into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Morace, 594 F.3d 340, 346 (4th Cir.) (quoting Gall, 552 U.S. at 51), cert. denied, 131 S. Ct. 307 (2010). This court affords within-Guidelines sentences a presumption of substantive reasonableness. See United States v. Mendoza-Mendoza, 597 F.3d 212, 216-17 (4th Cir. 2010).

With these standards in mind, our review of the record leads us to conclude that Martin's sentence is procedurally sound. In addition, we can identify no facts that would overcome the presumption that the sentence imposed was substantively reasonable.

In accordance with Anders, we have thoroughly reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Martin, in writing, of the right to petition the Supreme Court of the United States for further review. If Martin requests that a petition be filed, but counsel believes that such a petition

5

would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Martin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFRIMED