[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15315
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 31, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-20315-AJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GENNADY KOTLYARSKY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 31, 2011)

Before PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Gennady Kotlyarsky appeals his conviction for possession with intent to

distribute oxycodone. 21 U.S.C. § 841(a)(1), (b)(1)(C). Kotlyarsky argues, for the

first time, that his plea of guilty is invalid because he was misinformed about the length of his supervised release, Fed. R. Crim. P. 11(b)(1)(H)–(I).  We affirm.

Any error did not prejudice Kotlyarsky's substantial rights.  Although the district court failed to inform Kotlyarsky about a minimum term of six years of supervised release, see 21 U.S.C. § 841(b)(1)(C), Kotlyarsky knew from his plea agreement, change of plea hearing, and presentence investigation report that he faced a term of "at least" three years of supervised release, see United States v. Bejarano, 249 F.3d 1304, 1307 (11th Cir. 2001).  Kotlyarsky failed either to object when the district court sentenced him below the statutory minimum term to five years of supervised release, see id. at 1306 n.1, or to move timely to withdraw his plea of guilty, see United States v. Brown, 586 F.3d 1342, 1347 (11th Cir. 2009).  Furthermore, Kotlyarsky does not argue that, "but for the error, he would not have entered [his] plea" of guilty.  United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004).

We **AFFIRM** Kotlyarsky's conviction.